United States District Court
Southern District of Texas

**ENTERED**

February 21, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK E. COVINGTON, <br> TDCJ #02043229, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director,[1] <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> §      CIVIL ACTION NO. H-20-0573 |

## MEMORANDUM OPINION AND ORDER

Petitioner Mark E. Covington (TDCJ #02043229) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a prison disciplinary conviction entered against him while incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

---

[1] Although Covington names "Warden R. Moore" as the respondent, the clerk's office has substituted Director Lorie Davis as the state official having custody of him pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I.  <u>Background</u>

Covington is currently serving a life sentence in TDCJ as the result of a conviction for witness tampering that was entered against him in Hopkins County, Texas.[2]  That conviction was affirmed on direct appeal in an unpublished decision.  <u>See Covington v. State,</u> No. 06-15-00191-CR, 2016 WL 2997123 (Tex. App. — Texarkana May 25, 2016, pet. ref'd) (affirming the conviction in Hopkins County Cause No. 1524835); <u>see also Covington v. State,</u> No. 06-15-00190-CR, 2016 WL 2997121 (Tex. App. — Texarkana May 25, 2016, pet. ref'd) (affirming the conviction in a companion case, Hopkins County Cause No. 1524733).

Covington now seeks relief in the form of a federal writ of habeas corpus to challenge a prison disciplinary conviction that was entered against him at the Wynne Unit in Huntsville, where he is currently confined.[3]  Covington indicates that he was convicted on October 6, 2019, in TDCJ disciplinary case number 20200022609, for possessing a cell phone in violation of prison rules.[4]  As a result of this disciplinary conviction, Covington lost commissary privileges for 45 days and he forfeited 364 days of previously

---

[2]Petition, Docket Entry No. 1, p. 2.

[3]<u>Id.</u> at 1, 5.

[4]<u>Id.</u> at 5.

-2-

earned good-time credit.[5]  He was also reduced in classification status from S3 to L1.[6]

Covington argues that he was denied due process in connection with his disciplinary conviction because there was insufficient evidence to support the charged offense or show that he had actual possession of the cell phone.[7]  Covington cannot establish a constitutional violation or show that he is entitled to federal habeas relief for reasons discussed below under the legal standard that applies to prison disciplinary proceedings.

## II.  **Prison Disciplinary Proceedings**

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974).  Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995).  A Texas prisoner cannot demonstrate a Due Process violation in the prison disciplinary context without first satisfying the following criteria:  (1) he must be eligible for early release on the form of

---

[5] Id.

[6] Id.

[7] Id. at 6-7.

-3-

parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000); see also White v. Jenkins, 735 F. App'x 855, 856 (5th Cir. 2018) (per curiam) ("A prisoner who is not eligible for release on mandatory supervision has no constitutional expectancy of early release and so has no protected liberty interest in his good time credits.") (citation omitted).

Covington cannot meet the first criteria for establishing a Due Process violation because, as a Texas inmate serving a life sentence, Covington is not eligible for early release on mandatory supervision as a matter of law. See Ex parte Franks, 71 S.W.3d 327, 327 (Tex. Crim. App. 2001) (concluding that "a life-sentenced inmate is not eligible for release to mandatory supervision"); see also Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002) (holding that a Texas inmate serving a life sentence is not eligible for mandatory supervision and, therefore, has no constitutionally protected interest in such release). Absent eligibility for early release on mandatory supervision, Covington cannot demonstrate that he had a protected liberty interest in the previously earned good-time credits that were forfeited as the result of his conviction. See Malchi, 211 F.3d at 957-58; see also Dorsey v. McFarlin, 609 F. App'x 266, 267 (5th Cir. 2015) (per curiam).

To the extent that Covington lost privileges, this type of sanction does not pose an "atypical" or "significant" hardship that

-4-

implicates a constitutionally protected liberty interest. <u>See</u> <u>Madison v. Parker,</u> 104 F.3d 765, 768 (5th Cir. 1997) (observing that limitations imposed on commissary privileges and temporary cell restrictions are "merely changes in the conditions of [an inmate's] confinement and do not implicate due process concerns"). Likewise, reductions in a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. <u>See Malchi,</u> 211 F.3d at 958; <u>Luken v. Scott,</u> 71 F.3d 192, 193 (5th Cir. 1995). Because Covington cannot establish a violation of a constitutional right, his Petition will be dismissed for failure to state a claim upon which relief may be granted.

### III.  <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel,</u> 120 S. Ct. 1595, 1604 (2000)). The court concludes that jurists of reason would not debate the assessment of

the petitioner's claims or whether the petitioner has demonstrated the violation of a constitutional right. Therefore, a certificate of appealability will not issue.

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Mark E. Covington (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

2.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 21st day of February, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE